# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# PIKEVILLE DIVISION

| | | |
|---|---|---|
| In re:<br>INMET MINING, LLC,[1] | ) ) ) | Chapter 11 |
| Debtor. | ) ) | Case No. 23-70113 |
| BLUEGRASS NATURAL RESOURCES, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Adv. Proc. No. _____ |
| BLACKJEWEL LIQUIDATION TRUST by and through DAVID J. BECKMAN, TRUSTEE, and<br>THE LIQUIDATING TRUST OF INMET MINING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CONTEMPT SANCTIONS

Bluegrass Natural Resources, LLC, formerly known as Bluegrass Energy, LLC ("Bluegrass"), for its complaint against the Blackjewel Liquidation Trust, LLC (the "Blackjewel Trust"), by and through David J. Beckman, Trustee, and, as a nominal defendant, the Liquidating Trust of INMET Mining, LLC (the "INMET Trust"), states and alleges as follows:

## NATURE OF COMPLAINT

1. This is a declaratory judgment action in which Bluegrass seeks (a) an adjudication that INMET Mining, LLC ("INMET") conveyed certain real property in Lee County, Virginia (the "Lee County Assets") as part of the sale of INMET assets to Bluegrass approved by an Order of this Court

---
[1] The Debtor in this Chapter 11 case, and the last four digits of the Debtor's taxpayer identification number, are as follows: INMET Mining, LLC (1693).

and (b) injunctive relief and contempt sanctions against the Blackjewel Trust for taking steps to sell the Lee County Assets in violation of that order. In September 2019, INMET acquired certain mining permits, real property interests, and other assets (the "Purchased Blackjewel Assets") from the debtors (the "Blackjewel Debtors") in the bankruptcy cases captioned *In re Blackjewel, LLC*, No. 19-30289 (S.D.W. Va.) (filed July 1, 2019) (the "Blackjewel Bankruptcy Case").

2. The Purchased Blackjewel Assets included the Lee County Assets, which INMET continuously used and operated at all relevant times after the acquisition.

3. After INMET commenced its own bankruptcy case in this Court on April 5, 2023, this Court approved the sale of certain of the assets INMET purchased from the Blackjewel Debtors (the "Purchased INMET Assets"), including specifically the Lee County Assets, to Bluegrass pursuant to an order dated July 13, 2023 (the "Bluegrass Sale Order").

4. Without any objection from the Blackjewel Trust, which had actively participated in INMET's bankruptcy case from its inception and objected to various other aspects of INMET's then-proposed sale to Bluegrass, the Bluegrass Sale Order included a finding of fact that INMET owned the Purchased INMET Assets, including the Lee County Assets.

5. The Bluegrass Sale Order also forever barred, estopped, and enjoined any party from asserting any claims or interests in any of the Purchased INMET Assets, including the Lee County Assets.

6. In 2024, Michael Costello, who appears to be working for or with the Blackjewel Trust, reached out to and informed Bluegrass's counsel that he believed the Blackjewel Trust still owned, and intended to market and sell, the Lee County Assets for and on behalf of the Blackjewel Trust.

7. Subsequently, on April 4, 2024, the Blackjewel Trust's counsel notified Bluegrass and the INMET Trust that the Blackjewel Trust claims ownership of, and intends to sell, the Lee

County Assets. The Blackjewel Trust threatened that, if either Bluegrass or the INMET Trust contest the Blackjewel Trust's ownership of the Lee County Assets, the Blackjewel Trust would file an adversary proceeding in the court overseeing the Blackjewel Bankruptcy Case and request declaratory relief and damages.

8. The Blackjewel Trust's stated positions and actions establish the existence of an actual and present controversy regarding the ownership of the Lee County Assets that INMET sold to Bluegrass, and that controversy is properly the subject of a declaratory judgment action before this Court.

9. Inasmuch as the relevant orders and agreements described above establish that the Lee County Assets belong to Bluegrass, this Court should confirm Bluegrass's ownership of the Lee County Assets and grant injunctive relief and sanctions against the Blackjewel Trust for its past and threatened future violations of this Court's order.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

11. This is a core proceeding under 28 U.S.C. § 157.

12. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Bluegrass consents to this Court's entry of a final order in connection with this adversary proceeding.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

14. The statutory predicates for relief in this action are 11 U.S.C. §§ 105(a) and 363, 28 U.S.C. § 2201, and the Federal Rules of Bankruptcy Procedure, including their incorporation of the Federal Rules of Civil Procedure.

## THE PARTIES

15. Bluegrass is a Delaware limited liability company with its principal place of business

3

in Downers Grove, Illinois.

16. Bluegrass's sole member and manager is Javelin Global Commodities US Holdings, Inc., a Delaware corporation with its principal place of business in St. Louis, Missouri.

17. David J. Beckman is the Trustee of the Blackjewel Liquidation Trust and a resident and citizen of Colorado. The Blackjewel Trust is a successor for certain purposes to the Blackjewel Debtors in the Blackjewel Bankruptcy Case.

18. The INMET Trust is the successor entity to INMET and therefore has an interest relating to the subject of this action. Bluegrass joins the INMET Trust as a nominal defendant and seeks only a declaratory judgment against the INMET Trust so that this Court may declare complete relief among the parties.

## RELEVANT FACTS

19. The Blackjewel Debtors filed for voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia (the "West Virginia Court") on July 1, 2019.

20. In connection with the Blackjewel Bankruptcy Case, INMET acquired the Purchased Blackjewel Assets, including the Lee County Assets, from Blackjewel pursuant to that certain *Assignment and Assumption Agreement and Bill of Sale Regarding Specific Assets* (the "INMET APA"), attached as Exhibit A to the *Order (I) Approving the Sale of Certain Assets to Kopper Glo Mining, LLC Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, No. 19-30289 (Bankr. S.D. W. Va. Sept. 17, 2019), ECF No. 1096 (the "INMET Sale Order"). A true and correct copy of the INMET Sale Order, including the INMET APA, is attached hereto as **Exhibit A**.

21. As a principal element of INMET's acquisition of the Blackjewel Debtors' assets,

4

INMET acquired Blackjewel's Lone Mountain mining operations (the "<u>Lone Mountain Mining Complex</u>").  INMET APA, Recital A.

22.  The Lee County Assets are associated with the Lone Mountain Mining Complex and include, in particular, the coal preparation plant essential to the operation of the Lone Mountain Mining Complex (the "<u>Lone Mountain Prep Plant</u>").

23.  Reflective of that fact, the Lee County Assets are specifically identified in Exhibit B, Schedule 2.1(a) of the INMET APA.

24.  Moreover, the INMET APA repeatedly states that the Purchased Blackjewel Assets include all assets, property, and rights, including real property, associated with the transferred permits.  *See* INMET APA § 7; Ex. B to INMET APA, 1.

25.  In fact, obtaining ownership of, or the right to use, real property associated with a mining permit is essential to securing the transfer of the mining permit, as the permittee must have the legal right to use property associated with the permit.

26.  In connection with the sale, INMET acquired and secured the transfer of all the mining-related permits associated with the Lone Mountain Mining Complex, including all the permits that are associated with the Lee County Assets and the Lone Mountain Prep Plant in particular.

27.  Further evidencing INMET's acquisition of the Lee County Assets, INMET continuously operated the Lone Mountain Prep Plant located on the Lee County Assets from its acquisition of the Lone Mountain Mining Complex until INMET sold those same assets to Bluegrass.

28.  At no time during INMET's operation of the Lone Mountain Prep Plant located on the Lee County Assets did Blackjewel object to INMET's use of the Prep Plant, the Lee County Assets or the permits associated therewith, or assert any ownership interest in the Prep Plant or the Lee County Assets more broadly.

5

29. At no time since the entry of the INMET Sale Order did the Blackjewel Debtors or the Blackjewel Trust pay any of the property taxes imposed upon the Lee County Assets.

30. On April 5, 2023, INMET filed for voluntary Chapter 11 bankruptcy in the above-captioned case. ECF No. 1. On July 13, 2023, this Court approved the sale of the Purchased INMET Assets, including the Lee County Assets, to Bluegrass, entering the Bluegrass Sale Order. A true and correct copy of the Bluegrass Sale Order is attached hereto as **Exhibit B**.

31. In the Bluegrass Sale Order, this Court specifically found that the Purchased INMET Assets, including the Lee County Assets, belonged to INMET's estate and that INMET was "the sole and lawful owner" of those assets. Ex. B, ¶ K.

32. The Bluegrass Sale Order further approved and provided that INMET sold the Purchased INMET Assets, including the Lee County Assets, to Bluegrass "free and clear of all Liens, Claims, and Interests[.]" *Id.*, ¶ 7(A).

33. Although it had prior notice of the proposed sale of the Purchased INMET Assets, including the Lee County Assets, to Bluegrass[2] and objected to the sale on other grounds, the Blackjewel Trust did not object to this Court's finding that INMET was "the sole and lawful owner" of the assets sold under the Bluegrass Sale Order or specifically to the sale of the Lee County Assets or the sale of those assets free and clear of the Blackjewel Trust's alleged ownership interest in those assets.

34. The Bluegrass Sale Order also permanently enjoined any party from asserting, prosecuting, or otherwise pursuing any pre-Effective Date liens, claims, or interests against

---

[2] INMET filed a proposed Sale Order on July 2, 2023 that included the finding that INMET was "the sole and lawful owner of the Purchased [INMET] Assets" and that the Purchased INMET Assets belonged to INMET's estate. ECF No. 470, ¶ K. INMET filed amended schedules to the Asset Purchase Agreement that specifically identified the Lee County Assets as part of the Purchased INMET Assets on July 5, a week before the hearing to consider approval of the sale of the Purchased INMET Assets on June 12. ECF No. 487-1, Ex. 1, Schedule 2.1(d)(i). INMET also filed an Amended and Restated Stalking Horse Asset Purchase Agreement and Amended Schedules that specifically identified those assets as part of the Purchased INMET Assets on July 11, before the Sale Hearing. ECF No. 513, Schedule 2.1(d)(i).

Bluegrass or the assets Bluegrass acquired in the sale. *Id.*, ¶ 14.

35. This Court retained jurisdiction pursuant to 28 U.S.C. § 157(b)(2) to interpret and enforce the terms of the Bluegrass Sale Order. *Id.*, ¶ 27.

36. INMET and Bluegrass consummated the sale and transfer of the Purchased INMET Assets, including specifically the Lee County Assets, on July 28, 2023. ECF No. 580.

37. On August 10, 2023, INMET filed the *Amended and Restated Stalking Horse Asset Purchase Agreement* (the "Bluegrass APA") as part of its *Notice of Filing of Executed Amended and Restated Stalking Horse Asset Purchase Agreement and Closing Documents (Kentucky Assets)*, No. 23-70113 (Bankr. E.D. Ky. Aug. 10, 2023), ECF 617. A true and correct copy of the Bluegrass APA is attached hereto as **Exhibit C**.

38. In Section 5.6 of the Bluegrass APA, INMET represented and warranted that it had good and valid title to all real property, except for the property in which it held a valid leasehold or licensed interest in, and that it would transfer such property to Bluegrass subject only to the Assumed Liabilities and Permitted Encumbrances.

39. Schedule 2.1(d)(1) of the Bluegrass APA specifically included the Lee County Assets as part of the Purchased INMET Assets under the INMET APA.

40. Schedule 5.4(a) of the Bluegrass APA also identified the Lee County Assets as part of the Owned Real Property transferred to Bluegrass through the Bluegrass Sale Order.

41. Since consummating the sale, Bluegrass has recorded deeds reflecting (a) Blackjewel's conveyance of real property as part of the Purchased Blackjewel Assets, including specifically the Lee County Assets, and (b) INMET's conveyance of the same real property to Bluegrass, in each case in accordance with powers vested in it in Paragraph 7.H. of the Bluegrass Sale Order.

42. In connection with the recording of deeds, Bluegrass has also paid and brought

current all the property tax bills for the purchased real property, including the Lee County Assets, all of which were previously delinquent and in collection for tax years both pre-dating and post-dating the Blackjewel Bankruptcy Case.

43. Notwithstanding the foregoing facts and more than four and a half years after the Blackjewel Debtors sold the Purchased Blackjewel Assets to INMET, the Blackjewel Trust now asserts that the Blackjewel Debtors did not convey to INMET, and that the Blackjewel Trust still owns, the Lee County Assets and that INMET did not own and could not convey the Lee County Assets to Bluegrass.

44. The sole basis for the Blackjewel Trust's assertions is a single sentence in the INMET APA that contradicts the other terms and fundamental purpose of the INMET APA in conveying the Lone Mountain Mining Complex and the Lone Mountain Prep Plant and related properties to INMET: "For avoidance of doubt, any real property listed below and situated in locations other than Harlan County, Kentucky, or Wise County, Virginia, are specifically excluded from the Owned Real Property, unless otherwise agreed upon by Buyer following the Effective Date." INMET APA, Ex. B. Indeed, the first sentence in Exhibit B indicates that "[t]he Purchased Assets include all Owned Real Property associated with the Transferred Permits including, *without limitation*, the real property interests identified in this Exhibit B or any attachment hereto, to the extent such real property interests are associated with the Transferred Permits."

45. Bluegrass vigorously disputed the meaning and effect of that cited sentence and the Blackjewel Trust's broader assertions concerning its alleged continued ownership of the Lee County Assets in a letter dated April 12, 2024. A true and correct copy of that letter is annexed hereto as **Exhibit D**.

46. As the letter evidences, the competing positions and assertions of Bluegrass and the Blackjewel Trust establish the existence of an actual and justiciable controversy between the

8

parties concerning the ownership of the Lee County Assets and the interpretation and enforcement of this Court's order.

47. On April 12, 2024, Bluegrass filed an adversary proceeding in this Court stating the above claims (the "First Adversary Proceeding").

48. On May 1, 2024, the Blackjewel Trust filed an adversary proceeding (the "Blackjewel Adversary Proceeding") in the West Virginia Court against Bluegrass and the INMET Trust. The Blackjewel Trust asserted claims for a declaratory judgment, unjust enrichment, and trespass to land.

49. On July 30, 2024, this Court dismissed the First Adversary Proceeding for lack of subject matter jurisdiction pursuant to the Barton doctrine. *See Mem. Op.*, Adv. Proc. No. 24-7002 (Bankr. E.D. Ky. July 30, 2024), ECF No. 56.

50. On October 17, 2024, the West Virginia Court dismissed the Blackjewel Trust's claims against the INMET Trust. *See Order Dismissing Claims Against Liquidating Trust of INMET Mining, LLC*, Adv Proc. No. 24-3000 (Bankr. S.D.W. Va. Oct. 17, 2024), ECF No. 24.

51. On October 31, 2024, Bluegrass filed a motion to dismiss the claims against Bluegrass in the Blackjewel Adversary Proceeding under Federal Rule of Civil Procedure 12(b)(7) and for leave to file an adversary proceeding in this Court. *See Mot. of Bluegrass Natural Resources, LLC to Dismiss Adversary Proceeding Pursuant to Rule 12(b)(7) and for Leave to File Adversary Proceeding Against the Blackjewel Liquidation Trust, LLC*, Adv. Proc. No. 24-3000 (Bankr. S.D.W. Va. Oct. 31, 2024), ECF No. 27.

52. On December 9, 2024, the West Virginia Court granted Bluegrass's motion for leave to file an adversary proceeding against the Blackjewel Trust in this Court until January 15, 2025, and stayed the Blackjewel Adversary Proceeding until that date. *See Order Staying Adversary Proceeding and Granting Bluegrass Natural Resources, LLC Leave to Commence an Adversary Proceeding against the Blackjewel Liquidation Trust*, Adv. Proc. No. 24-3000 (Bankr. S.D.W. Va.

9

Dec. 9, 2024), ECF No. 35, a true and correct copy of which is attached hereto as **Exhibit E**.

53. This controversy is within this Court's original jurisdiction.

54. Pursuant to 11 U.S.C. § 105, 28 U.S.C. § 2201, and Bankruptcy Rule 7001(9), this Court may declare the rights and legal relations between the parties, and that declaration has the force of a final judgment.

**COUNT ONE**

**(Declaratory Judgment against the Blackjewel Trust and the INMET Trust
That Bluegrass Acquired and Owns the Lee County Assets)**

55. Bluegrass incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

56. The so-called "avoidance of doubt" sentence in the INMET APA aside, the INMET APA reflects the Blackjewel Debtors' sale of the Lee County Assets to INMET.

57. In fact, the consistent actions of all parties, including the Blackjewel Debtors, and the Blackjewel Trust, in the more than five years since the sale of the Purchased Blackjewel Assets, support the conclusion that the Blackjewel Debtors conveyed the Lee County Assets to INMET pursuant to the INMET APA and the INMET Sale Order.

58. Since the consummation of the Blackjewel Debtors' sale of the Purchased Blackjewel Assets to INMET, neither the Blackjewel Debtors nor the Blackjewel Trust has ever exercised any dominion or control over the Lee County Assets or taken any other action consistent with the Blackjewel Trust's subsequent claim to any ownership interest therein.

59. The Blackjewel Trust did not object to INMET's sale of the Lee County Assets or the Court's finding of fact regarding INMET's ownership thereof, despite objecting to the Bluegrass Sale Order on other grounds and erroneously asserting ownership of other real property INMET acquired in the INMET APA. Without objection from the Blackjewel Trust, this Court specifically

found that INMET was the sole owner of the Lee County Assets and approved INMET's sale of the Lee County Assets to Bluegrass free and clear of the claims and interests of Blackjewel in the Bluegrass Sale Order.

60. INMET and Bluegrass subsequently consummated the sale on July 28, 2023, thus effectively extinguishing any alleged interest of the Blackjewel Trust in and to the Lee County Assets.

61. Further, and by virtue of its failure to preserve its alleged interest and rights in connection with INMET's sale of the Lee County Assets free and clear of the Blackjewel Trust's alleged interest therein to Bluegrass, the Blackjewel Trust is estopped from asserting any continuing interest in and to the Lee County Assets.

62. Therefore, Bluegrass is entitled to, and hereby requests, a declaratory judgment from this Court that Bluegrass acquired from INMET and now owns the Lee County Assets free and clear of any claim, lien, or interest asserted by the Blackjewel Trust or the INMET Trust pursuant to and in accordance with the Bluegrass Sale Order.

## COUNT TWO

### (Against the Blackjewel Trust for Injunctive Relief)

63. Bluegrass incorporates by reference each and every allegation in the preceding paragraphs as if fully restated herein.

64. The Bluegrass Sale Order permanently enjoined any party from asserting, prosecuting, or otherwise pursuing any liens, claims, or interests against Bluegrass or the Purchased INMET Assets.

65. The Blackjewel Trust's actions in asserting interests in and ownership of the Lee County Assets and taking actions to market and sell those assets violate the injunctive provisions of the Bluegrass Sale Order. The Blackjewel Adversary Proceeding and the Blackjewel Trust's threat

11

to take further steps to market and sell the Lee County Assets would also violate the injunctive provisions of the Bluegrass Sale Order.

66. Therefore, Bluegrass is entitled to, and hereby requests that this Court enter, injunctive relief against the Blackjewel Trust barring it from asserting any continuing interest in or ownership of the Lee County Assets and taking any further steps to market or sell the Lee County Assets.

## COUNT THREE

### (Against the Blackjewel Trust for Contempt Sanctions)

67. Bluegrass incorporates by reference each and every allegation in the preceding paragraphs as if fully restated herein.

68. The Blackjewel Trust has heretofore asserted its interests in and ownership of the Lee County Assets and taken actions to market and sell those assets intentionally, willfully, and wantonly in violation of the injunctive provisions of the Bluegrass Sale Order entered by this Court.

69. Therefore, this Court should find the Blackjewel Trust in contempt of the Bluegrass Sale Order and enter sanctions against the Blackjewel Trust therefor.

## RELIEF REQUESTED

WHEREFORE, Bluegrass seeks judgment in its favor as follows:

1. Declaring that Bluegrass acquired and owns the Lee County Assets pursuant to the Bluegrass APA and the Bluegrass Sale Order;

2. Enjoining the Blackjewel Trust from asserting any continuing interest in or ownership of the Lee County Assets and taking any further steps to market or sell the Lee County Assets;

3. Holding the Blackjewel Trust in contempt of this Court and ordering it to pay Bluegrass compensatory damages, including the reasonable fees and expenses Bluegrass incurs in this matter as well as pre- and post-judgment interest thereon; and

4. Granting such other and further relief as is equitable and just.

Dated: January 15, 2025                                    Respectfully submitted,

*/s/ Daniel M. O'Hare*
John A. Budig (KYSB #100287)
Daniel M. O'Hare (admitted *pro hac vice*)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
304.345.6555 (phone)
304.342.1110 (fax)

Nicholas S. Johnson (*pro hac vice* forthcoming)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson St. NW
Suite 540
Washington, D.C. 20007
202.463.2101 (phone)
202.463.2103 (fax)

*Attorneys for Plaintiff Bluegrass Natural Resources, LLC*